IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Elliott Glass, ) | Case No. 5:24-cv-06478-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2025, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 13. Petitioner filed a response in opposition. ECF No. 16. Respondent filed supplemental briefing, as directed by the Magistrate Judge, and a reply, and Petitioner filed a sur-reply. ECF Nos. 19, 20. On June 5, 2025, the Magistrate Judge issued a Report recommending that Respondent's motion be denied and that Petitioner's petition be granted.[1] ECF No. 22. Respondent filed objections. ECF No. 28. Petitioner filed a motion to strike the objections, and Respondent filed a response in opposition. ECF Nos. 30, 32.

---

[1] The Magistrate Judge considered the motion as one for summary judgment; this Court will do likewise.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which are incorporated herein. Petitioner's concerns center around the Bureau of Prisons' ("BOP") calculation of his earned time credits under the First Step Act ("FSA"). Petitioner asserts that, based upon his recidivism assessments, he should have started earning 15 days of time credit for every 30 days of successful participation in evidence based recidivism reduction ("EBRR") programming starting on October 5, 2022. The BOP is currently calculating his

time such that he started earning 15 days of credit on December 23, 2023.  ECF No. 28-1 at 1.

The Court begins with a brief discussion of Petitioner's motion to strike as it effects which documents will be considered in ruling on the motion for summary judgment.  Petitioner asserts that the attachment to Respondent's objections should not be considered because the portion reflecting his FSA time credit assessment history "contradicts sworn testimony from Case Manager T. Shrefler."  ECF No. 30 at 1.  He further asserts that "this exhibit was introduced only after the Magistrate Judge issued a recommendation in Petitioner's favor . . . ."  *Id.* at 2.  Respondent contends that Petitioner's FSA assessment is already in the record.  ECF No. 32.  Respondent is correct that Petitioner's FSA assessment is in the record, ECF No. 28-1 at 1; however, the various other FSA assessments attached to the objections were not previously produced.  Nevertheless, as the previously undisclosed documents were filed in other cases and are publicly available, the Court may take judicial notice of them.  Thus, there is no basis for striking the attachment to Respondent's objections; Petitioner's motion is denied.

Turning to the merits of the issue at hand, as stated above, the Court finds that the Magistrate Judge has provided an excellent summary of the relevant caselaw, statutes, and regulations.  Indeed, because she has done such a thorough presentation, the Court's discussion can be relatively brief.  The principal issue is the use of the word "assessment" in the regulations.  The regulations clearly state as follows:

(c) Amount of FSA Time Credits that may be earned.

3

> (1) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits.
>
> (2) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn an additional five days of FSA Time Credits if the inmate:
>
> (i) Is determined by the Bureau to be at a minimum or low risk for recidivating; and
>
> (ii) Has maintained a consistent minimum or low risk of recidivism over the most recent two consecutive risk and needs assessments conducted by the Bureau.

28 C.F.R. § 523.42. Here, it is undisputed that Petitioner was assessed as a low risk for recidivism on July 20, 2022, and October 5, 2022. These two assessments occurred in the same assessment interval. Nevertheless, the BOP declined to give Petitioner an additional five days of credit once he received his third low assessment. Such an interpretation is neither entitled to deference nor supported by the relevant regulations or caselaw. Accordingly, the Court will turn to how many low assessments Petitioner was required to maintain under the FSA.

Petitioner and the Magistrate Judge assert that once Petitioner received his second low assessment on October 5, 2022, he should have started receiving additional FSA credit. In the alternative, the Magistrate Judge recommends finding that Petitioner

should have started earning an additional 5 days of credit at the start of the eleventh cycle—June 26, 2023, to December 23, 2023.  ECF No. 22 at 9 n.3.  The Court agrees with this approach and the Respondent's argument that the use of the word "over" in the relevant regulation should be interpreted as requiring three assessments during which Petitioner's recidivism score did not increase.  Thus, as it appears from the available record that Petitioner received his third low recidivism assessment in advance of the eleventh cycle, the Court finds that Petitioner should have started earning 15 days of credit during that cycle.  *See* ECF No. 28-1 at 1.  Accordingly, Petitioner was entitled to earn an additional five days starting with the beginning date of the eleventh cycle (June 26, 2023, through December 23, 2023).  *See Sharma v. Peters,* 756 F. Supp. 3d 1271, 1277 (M.D. Ala. 2024).

In his objections, Respondent also argues that, even if successful, Petitioner would only earn additional time in prerelease custody, which cannot be challenged in a § 2241 action.  ECF No. 28 at 6.  This argument is not applicable to Petitioner's case.  *See Adepoju v. Scales*, 782 F. Supp. 3d 306, 320 (E.D. Va. 2025) ("The FSA uses 'explicitly mandatory language' in mandating that '[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release' and that the BOP 'shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.'" (quoting 18 U.S.C. § 3632(d)(4)(C))).  Thus, this objection is overruled.

**CONCLUSION**

After reviewing the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court adopts as modified the recommendation of the Magistrate Judge. Petitioner's motion to strike [30] is **DENIED**. Respondent's motion for summary judgment [13] is **DENIED**, and the Petition is **GRANTED in part**. The BOP is directed to recalculate Petitioner's credits as outlined above.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 26, 2025
Spartanburg, South Carolina

---

[2] The Court notes that, based upon publicly available records, it appears Petitioner has been transferred to a residential reentry management center in Atlanta. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (enter "Elliott" and "Glass" where prompted) (last visited on September 23, 2025). Accordingly, based upon the limits to FSA and EBRR credits, the recalculation may not result in any additional credit to Petitioner. However, the Court cannot make such a determination based on the record in this case, and the BOP is directed to perform the recalculation.